# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Bobby-Ray DuBose, *et al.*,

    **Plaintiffs,**

v.

Thomas P. Charles, *et al.*,

    **Defendants.**

Case No. 2:12–cv–971

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiffs,[1] *pro se*, sued the Director of the Ohio Department of Public Safety, Thomas P. Charles, Franklin County Sheriff Zach Scott, Deputy Sheriff William Fitzpatrick, the Honorable William H. Politt, Jr., Police Chief Walter L. Distelzweig, the Honorable David S. Jump, Officer Martin Holley, and the Honorable Andrea C. Peeples under 42 U.S.C. § 1983 and for various state law violations. In a previous Opinion and Order, the Court granted the motions to dismiss of the Honorable Andrea C. Peeples, the Honorable William H. Pollitt, Jr., the Honorable David S. Jump, Chief Distelzweig, Officer Holley, and Director Charles. Defendants Scott and Fitzpatrick now move for summary judgment. Mot. Summ. J., ECF No. 40. For the following reasons, the Court grants the motion with respect to the federal claims and declines to exercise supplemental jurisdiction over the state law claims.

---

[1] The remainder of this Opinion and Order refers to Plaintiff Bobby-Ray DuBose in the singular as Plaintiff Judy Ruth Brownlow is not relevant to the claims at issue.

## I. FACTS

The facts as they relate to Defendants Scott and Fitzpatrick are as follows. Bobby-Ray DuBose ("Plaintiff") is an Ohio resident. Defendant Zach Scott is the Franklin County Sheriff ("Sheriff Scott"). Defendant William Fitzpatrick is a deputy with the Franklin County Sheriff's Office ("Deputy Fitzpatrick").

On October 3, 2012, at 6:45 in the morning, Plaintiff was riding a bicycle in Columbus, Ohio when he was stopped by Deputy Fitzpatrick. Deputy Fitzpatrick said he stopped Plaintiff because Plaintiff did not have lights on his bike, as required by the Ohio Revised Code. Plaintiff informed Deputy Fitzpatrick there was no law requiring him to have lights on his bicycle, but he says Deputy Fitzpatrick cited a Columbus City Code provision in response.

Plaintiff avers Deputy Fitzpatrick "kidnapped" him and took him to the Franklin County Corrections Center. He states that upon his release from the corrections center, he was informed of two charges against "BOBBY R DUBOSE." According to Plaintiff, because the letters were capitalized, this means there were charges against a fictional corporate entity that was illegally using his name for which he has a commercial lien and a trademark or copyright.

## II. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment

if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk Western R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cnty. Dept. of Children and Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

### III. ANALYSIS

In its prior Opinion and Order, the Court construed the claims against Deputy Fitzpatrick as follows: (1) unlawful seizure; (2) false imprisonment; (3) breach of contract; and (4) violation of the oath of office. Plaintiff alleges Sheriff Scott is vicariously liable for those claims.

A. Federal Claims

Plaintiff ostensibly brings his unlawful seizure and false imprisonment claims under 42 U.S.C. § 1983. Section 1983 states in relevant part:

> [e]very person who, under color of any statute, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States, shall be liable to the party injured in an action at law, suit in equity, or other proceedings for redress[.]

42 U.S.C. § 1983. To prevail on a claim under § 1983, a plaintiff must show that a person acting under color of law deprived him of his rights secured by the United States Constitution or its laws. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

Deputy Fitzpatrick argues he is entitled to qualified immunity from Plaintiff's § 1983 claims, which is an affirmative defense to a § 1983 suit. "'[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Binay v. Bettendorf*, 601 F.3d 640, 646–47 (6th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The central purpose of

affording public officials qualified immunity from suit is to protect them from undue interference with their duties and from potentially disabling threats of liability." *Id.* (quoting *Elder v. Holloway*, 510 U.S. 510, 514 (1994) (internal quotations omitted)). Qualified immunity involves an objective legal reasonableness standard that analyzes "claims of immunity on a fact-specific, case-by-case basis to determine whether a reasonable official in the defendant's position could have believed that his conduct was lawful, judged from the perspective of the reasonable official on the scene." *Kowolonek v. Moore*, 463 F. App'x 531, 534 (6th Cir. 2012) (internal quotation omitted).

"In reviewing claims for qualified immunity, [courts] conduct a two-step analysis." *Id.* (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). In step one, [courts] consider whether "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right." *Scott*, 550 U.S. at 377 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Person v. Callahan*, 555 U.S. 223 (2009)). If the answer is no because the facts alleged fail to establish a constitutional violation, then the inquiry ends and the officer is entitled to qualified immunity. *Saucier*, 533 U.S. at 201. If the answer is yes, the second step is to determine "whether the right was clearly established . . . in light of the specific context of the case." *Id.* (quoting *Saucier*, 533 U.S. at 201).

"For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing

violates that right." *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003) (internal citations omitted). Although the sequence of this two-step inquiry is often appropriate, it is no longer mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Court considers Plaintiff's § 1983 claims pursuant to this framework.

### 1. Unlawful Seizure Against Deputy Fitzpatrick

Construing Plaintiff's Complaint liberally, Plaintiff contends his detention[2] amounted to an unlawful seizure in violation of the Fourth Amendment.

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

Here, Deputy Fitzpatrick detained Plaintiff, issued him a citation, and then arrested Plaintiff and transported him to the Franklin County Corrections Center. Neither the stop nor the arrest were unlawful.

Deputy Fitzpatrick's traffic stop was lawful. "A police officer may effect a traffic stop of any motorist for any traffic infraction, even if the officer's true motive is to detect more extensive criminal conduct." *United States v. Townsend*, 305

---

[2] Although the Complaint states that Plaintiff brings claims for "Unlawful Arrest, Illegal Arrest, or Restraint, or Distraint, Trespassing/Trespass, without a lawful, correct, and complete 4th amendment warrant . . . Unlawful Distraint, Unlawful Detainer, or False Imprisonment . . . ." the factual allegations in the Complaint against Deputy Fitzpatrick amount to nothing more than an unlawful seizure claim. Plaintiff does not seem to be bringing an independent false imprisonment claim against Deputy Fitzpatrick.

F.3d 537, 541 (6th Cir. 2002) (internal citation omitted). "A traffic stop is justified and does not violate the Fourth Amendment when a police officer has reasonable suspicion of an ongoing crime or a completed felony or when he has probable cause to believe that a civil traffic violation has been committed." *United States v. Parker*, 530 F. App'x 449, 452 (6th Cir. 2013). "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Brooks*, 577 F.3d at 706 (internal quotation and citation omitted).

Deputy Fitzpatrick states in his affidavit that while on patrol duty on October 3, 2012, he personally observed Plaintiff riding his bicycle without a lamp mounted on the front of the bike or on the rider and without a red lamp mounted on the rear of the bike. Fitzpatrick Aff. ¶ 6, ECF No. 40-1. Ohio Revised Code §§ 4511.56(A)(1) and (3) require a bicycle, when used during certain times,[3] to be equipped with a lamp mounted on either the front of the bicycle or the rider and a red lamp on the back of the bicycle. Plaintiff offers no evidence to show that Deputy Fitzpatrick lacked probable cause to believe Plaintiff was violating Ohio Revised Code § 4511.56(A)(1) and or (3). Additionally, the video from Deputy Fitzpatrick's police cruiser shows Plaintiff had no lights on his bike or himself and that it was dark outside. *See* Exhibit C. As there is no genuine issue

---

[3] Lights are required between sunset to sunrise, whenever persons, vehicles, and substantial objects on the highway are not discernible at a distance of one thousand feet ahead, and whenever windshield wipers are in use due to precipitation. Ohio Rev. Code § 4513.03 (A).

of material fact as to whether Deputy Fitzpatrick had probable cause to believe Plaintiff was committing a traffic violation, his traffic stop did not violate the Fourth Amendment.

Moreover, Plaintiff's subsequent arrest was lawful. "'[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed.'" *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). The same is true even if the crime is a misdemeanor when there is probable cause to believe the offense was committed in the presence of the officer. *McCoy v. Burns*, 756 F. Supp. 2d 868, 877 (S.D. Ohio 2010) (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001)). "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Brooks*, 577 F.3d at 706 (internal quotation and citation omitted). A violation of Ohio Revised Code § 4511.56 is a minor misdemeanor. Ohio Rev. Code § 4511.56(E). Moreover, Ohio Revised Code § 2935.26 permits an officer to arrest a person for the commission of a minor misdemeanor (as opposed to issuing a citation) if the offender refuses to offer satisfactory evidence of his identity or refuses to sign the citation. Ohio Rev. Code §§ 2935.26 (A)(2) and (3).

Again, Deputy Fitzpatrick had probable cause to believe Plaintiff committed a minor misdemeanor because he observed Plaintiff riding a bicycle without a

front or rear lamp. Further, Deputy Fitzpatrick states that during the traffic stop, Plaintiff refused to produce identifying documentation and refused to sign the citation. Fitzpatrick Aff. ¶ 8, ECF No. 40-1. Plaintiff does not contest that evidence. Accordingly, there is no genuine dispute of material fact as to whether Deputy Fitzpatrick had probable cause to arrest Plaintiff.

While Plaintiff does not address the merits of Defendants' arguments,[4] Plaintiff objects to a grant of summary judgment on the grounds that the case has been reassigned to Judge Sargus without official notice, summary judgment would deprive Plaintiff of his right to a jury trial, the undersigned has not produced a valid malpractice performance bond, and the undersigned has not produced an oath of office.

This case has not been reassigned to Judge Sargus. There is another case filed by Plaintiff against Governor John Kasich, etc., which is assigned to Judge Sargus, *see* Case No. 2:11–cv–71, but this case continues to be assigned to the undersigned. Accordingly, Plaintiff's first objection is without merit.

Second, "it is well settled that 'summary judgment does not violate the Seventh Amendment.'" *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 n. 3 (6th Cir. 2009) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336

---

[4] "When a plaintiff asserts a claim in a complaint but then fails to delineate that claim in h[is] brief in opposition to summary judgment, that claim is deemed abandoned." *Chic Promotions, Inc. v. Jewelers Mut. Ins. Co.*, No. 1:07cv417, 2009 WL 3126454, at *2 (S.D. Ohio Sept. 24, 2009) (quoting *E.E.O.C. v. Home Depot U.S.A., Inc.*, No. 4:07CV0143, 2009 WL 395835, at *17 (N.D. Ohio Feb. 17, 2009), and citing *Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006)). Accordingly, although the Court finds summary judgment is warranted on the merits, the Court alternatively finds Plaintiff's claims abandoned and dismisses them on that ground as well.

(1979)). Summary judgment is provided for in Federal Rule of Civil Procedure 56, and the Court "shall" grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Plaintiff's "objection" is therefore overruled.

Third and fourth, Plaintiff objects to any opinion and order on summary judgment because the Court has not proven that it has a "valid malpractice performance bond." Obj. 1, ECF No. 47. He argues summary judgment is susceptible to "bribery, kickbacks, fraud of process, conspiracy to defend and alter ego misuse and, therefore, must be bonded." *Id.* at 1–2. Plaintiff also objects to the Court entering any opinion and order until it provides an oath of office pursuant to 28 U.S.C. § 453. He apparently seeks assurance that the undersigned is not an unregistered foreign agent. *Id.* at 2.

Plaintiff cites no law in support of his arguments except "15 U.S.C." and 28 U.S.C. § 453. *Id.* at 2. The Court has found no case law addressing Plaintiff's argument regarding performance bonds but finds it patently frivolous and not deserving of further discussion. Additionally, "while federal judges have . . . [a] statutory obligation to take an oath before performing the duties of their office, *see* 28 U.S.C. § 453, nothing in this statute (or elsewhere in the law) requires that a district judge demonstrate to the satisfaction of a litigant in a particular case that he or she has taken this oath." *United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007). Accordingly, the undersigned has no obligation to produce his oath of office to Plaintiff.

In sum, Plaintiff's "objections" are overruled, and he has failed to establish a genuine issue of material fact as to whether Deputy Fitzpatrick unlawfully seized Plaintiff in violation of the Fourth Amendment. The federal law claims against Deputy Fitzpatrick are therefore dismissed.

### 2. Unlawful Seizure Against Sheriff Scott

Plaintiff bases his claims against Sheriff Scott on vicarious liability.

"Municipal Officers cannot be held liable for the actions of their employees under a theory of *respondeat superior*." *Christensen v. Wiseman*, No. 1:11 CV 1837, 2011 WL 4376099, at *10 (N.D. Ohio Sept. 20, 2011) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)). "To be held liable for a claim for damages, the supervisor must have encouraged the specific misconduct or in some way directly participated in it." *Id.* (internal citations omitted). "Liability cannot be based upon a mere failure to act or the right to control employees." *Id.* (internal citations omitted). "In order for liability to attach to any of the supervisors named as Defendants, Plaintiff must allege that they did more than play a passive role in the alleged violations or show mere tacit approval of the actions of their subordinates." *Id.*; *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.") (internal citations omitted); *Colvin v. Caruse*, 605 F.3d 282, 292 (6th Cir. 2010 ) ("even if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific

incident of misconduct or in some other way directly participated in it.") (internal quotation and citation omitted); see also *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (rejecting liability for "failure to remedy" unconstitutional behavior and stating, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act.") (internal quotation and citation omitted).

Plaintiff has not offered any evidence showing that Sheriff Scott played any role in the events of October 3, 2012 or encouraged Deputy Fitzpatrick in any way. Moreover, "a prerequisite of supervisory liability under § 1983 is unconstitutional conduct by a subordinate of the supervisor." *McQueen v. Beecher Comm. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Thus, even if Sheriff Scott could be held liable for Deputy Fitzpatrick's actions, there was no underlying violation of Plaintiff's rights. Plaintiff's federal claims against Sheriff Scott therefore fail.

B. State Law Claims

Plaintiff also asserted breach of contract and "violation of the oath of office" claims against Defendants under state law. Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

## IV. CONCLUSION

For the above reasons, the Court grants summary judgment to Deputy Fitzpatrick and Sheriff Scott on Plaintiff's federal law claims and declines to exercise supplemental jurisdiction over the state law claims. The federal claims are dismissed with prejudice, and the state claims are dismissed without prejudice.

Finally, in the Court's May 29, 2013 Opinion and Order, the Court directed Plaintiff to seek leave of Court prior to filing any additional documents, with the exception of a response to a motion for summary judgment. Opinion and Order 21, ECF No. 31. Plaintiff disregarded the Court's order and filed an "AFFIDAVIT of Obligation and Notice of Intent to File Criminal Complaint," a notice of a change of address, a notice of commencement of a criminal complaint filed with the United States Attorney's Office, a "NOTICE of Identity Theft Complaint and Affidavit," various certificates of service, an "Affidavit and Objection to All Orders and Motions for Summary Judgment," and a letter to the Federal Trade Commission. ECF Nos. 32, 33, 35, 36, 37, 38, 45, 47, 48, 49. The Court construes ECF No. 47 and 48 as Plaintiff's response to Deputy Fitzpatrick and Sheriff Scott's motion for summary judgment. Additionally, the Court retroactively grants Plaintiff permission to file a notice of change of address, ECF No. 33.

ECF No. 34 is Plaintiff's objection to ECF No. 31. Plaintiff contends the Court cannot invalidate his affidavit, must demonstrate that it is bonded, and the undersigned must produce his oath of office. Objections to Court opinions and

orders are not provided for under the local rules. Moreover, the Court denies any objection on the merits for the reasons stated herein.

ECF No. 50 is a copy of Magistrate Judge Kemp's order permitting Defendants to manually file a compact disc with the Clerk's office. Plaintiff has handwritten the words "Objection" and "Cross-Claim" on the order. ECF No. 50 also includes a notice of electronic filing and a copy of ECF Nos. 47 and 48. Plaintiff's objection is not permitted, he does not develop the objection, and any objection is denied.

The Clerk shall enter final judgment for Defendants and terminate the case. The Clerk shall strike ECF Nos. 32, 35, 37, 38, 45, and 49 as they were filed without first obtaining leave of Court, in violation of the Court's order.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**